UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CALEB PETRY**                               **DOCKET NO. 6:25-cv-0386**
                                                                **SECTION P**

**VERSUS**                                       **JUDGE DAVID C. JOSEPH**

**15TH JUDICIAL DISTRICT COURT, ET AL**     **MAGISTRATE JUDGE WHITEHURST**

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Caleb Petry, who is proceeding pro se and *in forma pauperis* in this matter. He names as defendants the 15th Judicial District Court, Javonna Charles Young, Eliot Broussard and Laurie Hulin. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons, **IT IS RECOMMENDED** that plaintiff's suit be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

**I.     BACKGROUND**

Plaintiff, presently incarcerated at the Vermilion Parish Jail, alleges that he was unlawfully arrested in violation of the 4th Amendment. He contends there was no probable cause, only the "prejudice of Eliot Broussard." Doc. 1. He complains that his 8th amendment rights have been violated, as his bond is excessive, and his 14th Amendment rights are being violated because of his co-defendant's bond being lower than his. *Id*.

Petry also complains that the presiding Judge, Laurie Hulin, his public defender, Jovonna Charles Young, and Eliot Broussard have organized "as a group" to deny him due process. *Id*.

## II. LAW & ANALYSIS

### A. Frivolity Review

Petry has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Claims

#### 1. False Arrest

"[T]o state a § 1983 claim for false arrest/false imprisonment, [Petry] must plausibly allege that [the officer] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense stated at the time of arrest or booking." *District of Columbia v. Wesby*, 538 U.S. 48, 54 n. 2 (2018).

Petry provides no factual details about his actual arrest. He does, however, provide a copy of the Search and Seizure Warrant signed by Judge Laurie Hulin, based on the sworn testimony of Eliot Broussard. Doc. 4-1, pp. 1-2. The warrant sets forth Broussard's belief that plaintiff was concealing, in his home, in vehicles on his property, or on his person, illegal narcotics, firearms, ledgers, paraphernalia, packing, currency and other items that constitute Distribution/Possession with the Intent to Distribute Schedule I CDS, a violation of La. R.S. 40:966A (felony). *Id*. The Notice of Felony Status, also provided by Petry as an exhibit to his complaint, establishes that he was ultimately charged with numerous counts of possession with intent to distribute narcotics and possession of a dangerous weapon in the presence of a CDS. *Id*. at p. 3. Because he fails to allege facts from which the Court could plausibly infer that officer lacked probable cause to arrest him, his false arrest claim is meritless and should be dismissed. *See Taylor v. Irving Auto Pound,* 2024

U.S. Dist. LEXIS 124162, 2024 WL 3390565, at *9 (N.D. Tex. June 6, 2024) (citing *Bates v. Wellman*, 2024 U.S. Dist. LEXIS 15938, 2024 WL 330498, *3 (N.D. Tex. Jan. 2, 2024) (recommending dismissal of false arrest claim when the plaintiff "did not state the offense for which he was arrested, much less show that officers lacked probable cause to arrest him for it") (Rutherford, J.), rec. accepted 2024 U.S. Dist. LEXIS 15027, 2024 WL 330833 (N.D. Tex. Jan. 29, 2024).

### 2. Excessive Bond

Insofar as Plaintiff seeks to challenge the unreasonableness of the bond amount, "such a claim is cognizable only in state a pretrial application for writ of habeas corpus asserting the bond was excessive and asking the trial court to reduce it and set a reasonable bond." *Amir-Sharif v. Comm'rs of Dallas Tex.*, 2007 U.S. Dist. LEXIS 104003, *3 (N.D. Tex. Feb. 23, 2007) (citing *Ex parte Tucker*, 977 S.W.2d 713, *715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus)); *Qualls v. Ouachita Parish*, 2008 U.S. Dist. LEXIS 117823*, 2008 WL 4758659, *12 (W.D. La. Sept. 29, 2008) ("Finally, to the extent that plaintiff faults the defendants for setting an excessive bond, that claim, too, is without a basis in fact or law. Under Louisiana law, only judges have the authority to fix bail. See La. C.Cr.P. art. 333.").

### D. Improper Defendants

#### 1. Javonna Charles Young – Public Defender

Petry's § 1983 claim against his appointed defense counsel fails because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312 (1981). This is

because, even though she was appointed, Young owed her duty to Petry, her client, not the State. *Id*. at 450. Because defense counsel was not a state actor with respect to her representation of Petry, the § 1983 claims against her should be dismissed with prejudice as frivolous. *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995).

### 2. Judge Laurie Hulin

Plaintiff's claims against Judge Laurie Hulin stem from the fact that she is the presiding judge in his criminal case and, therefore, arise out of the performance of her judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir.1985). As the claims against Judge Hulin meet the criteria set forth above, she is immune from suit and claims against her should be dismissed.

### 3. 15th Judicial District Court

Finally, Louisiana law governs whether the court is an entity which can be sued, i.e. whether it qualifies as a "juridical person." Fed. R. Civ. P. 17(b). Under these guidelines (Fed. R. Civ. P. 17(b) and La. Civ. Code Art. 24), the Fifteenth Judicial District Court is a non-juridical entity and is not capable of being sued. *Morris v. Shetty*, 2019 U.S. Dist. LEXIS 120623, at \*5 (W.D. La. May 20, 2019); *Carter v. Sheriff's Office Calcasieu Parish*, 2014 U.S. Dist. LEXIS 7984, \*6 (W.D. La. 2014) (*citing Moity v. Louisiana State Bar Asso*., 414 F. Supp. 180, 182 (E.D. La.1976) ("state courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537

F.2d 1141 (5th Cir.1976). Accordingly, Petry's claims against the 15th Judicial District Court should be dismissed with prejudice pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted.

### III. CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

-7-

**THUS DONE AND SIGNED** in chambers this 12th day of June, 2025.

**Carol B. Whitehurst**
**United States Magistrate Judge**